UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PATRICK MORIN and JOSEPH OLIVIERI as
Trustees of the EMPIRE STATE CARPENTERS
WELFARE, PENSION, VACATION, ANNUITY,     **REPORT AND**
SCHOLARSHIP, APPRENTICE-TRAINING,     **RECOMMENDATION**
LABOR-MANAGEMENT COOPERATION and
CHARITABLE TRUST FUNDS,     CV 06-6821 (ADS) (WDW)

                 Plaintiff(s),

     -against-

JAMES LAWSON d/b/a ARCHITECTURAL
FLOORING CONCEPTS,

                 Defendant(s).
---------------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation with respect to the amount of damages, including reasonable attorneys' fees and costs, to be awarded plaintiffs upon the default of defendant James Lawson d/b/a Architectural Flooring Concepts ("Lawson"). For the reasons set forth herein, it is recommended that no damages award be entered in plaintiffs' favor, and that no attorneys' fees or costs be awarded.

## BACKGROUND

      Plaintiffs are Trustees of the Empire State Carpenters Welfare, Pension, Vacation, Annuity, Scholarship, Apprentice-Training, Labor-Management Cooperation and Charitable Trust Funds ("Trustees"). They filed the complaint in this action on or about December 29, 2006, and served defendant with the summons and complaint on or about March 2, 2007. Lawson has not answered the complaint or otherwise appeared in the action. The case was

stayed for approximately two years due to defendant Lawson's bankruptcy filing. On November 25, 2009, plaintiffs moved for default, *see* DE [12], and on November 30, 2009, the Clerk of the Court entered a notation of default. *See* DE [13]. Judge Spatt entered the default and referred the determination of damages to the undersigned. *See* DE [14]. In response to an order issued by the undersigned on December 22, 2009, *see* DE [15], plaintiffs submitted papers requesting an audit, attorneys' fees, and an award of unspecified unpaid contributions, interest, liquidated damages, attorneys' fees and costs. *See* DE [18]. Defendant did not submit any papers in opposition.

By Order dated April 14, 2010, defendant was ordered to permit and cooperate in an audit of its books and records pertaining to defendant's contributions to plaintiffs' employee benefit funds. *See* Order, Docket Entry ("DE") [19]. On June 10, 2010, plaintiffs advised the court by letter that they "discovered that the Defendant is out of business and have exhausted all avenues of pursuing an audit of the Defendant's payroll records. We will pursue attorneys' fees." *See* DE [20]. An Order requiring submission of supplemental papers was issued, *see* Order, DE [21], and such papers were timely filed.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y.

1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. The court must, however, "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *LaBarbera v. Avaline Trucking Inc.*, 2009 WL 3497491, at *6 (E.D.N.Y. Oct. 28 ,2009).

In this case, plaintiffs have utterly failed to prove any damages. In the complaint, plaintiffs allege that defendant owed unpaid benefit contributions "in the sum of at least $5,689.57." Comp. ¶20, DE [1]. They have not, however, provided a scintilla of evidence to support an award of this, or any, amount of unpaid benefits. Their original submission requesting entry of default consisted of a two page affidavit from counsel and a proposed order. The Order dated December 22, 2009 expressly directed plaintiffs to submit, *inter alia,* an affidavit from someone with knowledge of the facts and the underlying collective bargaining agreement. Order DE [15]. In response to that order, plaintiffs submitted papers requesting attorneys' fees in the amount of $1,995.03 and further requesting an order compelling defendant to participate in an audit. *See* DE [18]. Based on the papers submitted to date, it appears that plaintiffs have abandoned any claim they may have had for unpaid contributions.

Plaintiffs have never submitted the collective bargaining agreement, nor have they submitted an affidavit from anyone other than one of their attorneys or any documentary evidence demonstrating their entitlement to unpaid contributions. Although I recognize that plaintiffs were unable to complete an audit due to defendant's cessation of business, I note that

they failed to document even the $5,689.57 in unpaid contributions cited in the complaint.[1] As plaintiffs have failed to establish entitlement to any unpaid contributions, it is recommended that no award in their favor be entered.

ERISA also allows for the recovery of liquidated damages and interest. These amounts, however, are calculated on the basis of the amount of unpaid contributions. Since plaintiffs have not demonstrated their right to unpaid contributions, they cannot recover either liquidated damages or interest.

Attorneys' fees and costs

Despite their failure to support their claim to any damages, plaintiffs seek an award of attorneys' fees and costs in a total amount of $1,995.03. In an action brought pursuant to ERISA §1145 "in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action." 29 U.S.C. §1132 (g)(2). It has been said that in such a case, the award of reasonable attorneys' fees is "obligatory, not discretionary." *LaBarbera v. J&A Concrete Corp.,* 2008 WL 918259, at *8 (E.D.N.Y. Feb. 22, 2008) (citing *LaBarbera v. Hauserman, Inc.,* 369 F.3d 244, 226 (2d Cir. 2004)).

Although plaintiffs have obtained a default judgment in their favor, their failure to provide any evidence of damages makes it an empty judgment. While they are entitled to an award of *reasonable* attorneys' fees, under the circumstances of this case, where plaintiffs have failed to provide any evidentiary support for any alleged damages, no award of attorneys' fees

---

[1] Nor do they attempt to quantify unpaid contributions using the formula that often exists in these types of collective bargaining agreements. Of course, I have no way of determining whether such a clause exists in the CBA in this case since plaintiffs never provided a copy of it, despite the direction to do so.

and costs would be "reasonable."

As one court observed in a similar situation, the absence of evidence can only be attributable to one of two circumstances: "either the Trustees have no such evidence, or they do have such evidence but their counsel failed to bring it to the court's attention despite ample opportunity to do so." *Durso v. East Tremont Food Corp.,* 2007 WL 1213414, at *6 (E.D.N.Y. Apr. 24, 2007). To satisfy their obligations under Rule 11, plaintiffs must have had some evidence to support their allegation in the complaint that they were owed at least $5,689.57 in unpaid contributions. Assuming that they had such evidence, it has not been presented to the court. Whether the failure to provide this evidence to the court is the fault of plaintiffs or their attorneys is immaterial. In either event, "there is no fee that would be 'reasonable' within the meaning of subsection (g)(2)." *Id.*[2] Accordingly, I recommend that no attorneys' fees or costs be awarded.

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to the plaintiffs by electronic filing. Counsel for plaintiffs shall serve a copy of this order on defendant and shall file proof of such service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P.

---

[2]The *Durso* court, faced with plaintiffs' failure to provide sufficient evidence of damages, elected to vacate the default judgment and dismiss the complaint. *See Durso,* 2007 WL 1213414 at *1. This approach may have been employed in part to avoid application of the mandatory award of attorneys' fees language in 29 U.S.C. §1132 (g)(2) in favor of the discretionary standard allowed by 29 U.S.C. §1132 (g)(1). Since I find that there is no fee that would be reasonable under the circumstances presented here, I believe this approach to be unnecessary.

72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 20, 2010

      /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge